J-A27021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEAN COULTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES P. COULTER | |
| | No. 2686 EDA 2015 |

Appeal from the Order August 3, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2014, No. 01298

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PER CURIAM:         **FILED OCTOBER 03, 2016**

Upon consideration of the parties' briefs, the certified record, and the trial court's opinion, we find that the trial court, the Honorable Lisette Shirdan-Harris, has comprehensively addressed the issues Appellant raises on appeal. We affirm based on that opinion. **See** Trial Court Opinion, filed 2/3/16.

Appellant's "Motion for Recusal and Re-Assignment to a New Panel" is denied and dismissed, it being replete with misrepresentations.

Order affirmed. Motion denied.

---

[*] Former Justice specially assigned to the Superior Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/3/2016</u>

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

JEAN COULTER            :     PHILADELPHIA COUNTY
                             :     Case ID 140801298

      Plaintiff           :

                             :

         v.                :

                             :

JAMES P. COULTER         :     SUPERIOR COURT NO.:
                             :     2686 EDA 2015

                             :

      Defendant         :

*DOCKETED FEB 3 2016 F. BROWN DAY FORWARD*

## OPINION

Plaintiff Jean Coulter ("Plaintiff") files this direct appeal from the Trial Court's Order

issued on September 10, 2015, denying Plaintiff's Motion for Reconsideration as to the Trial

Court's August 3, 2015 Order granting Defendant James P. Coulter's ("Defendant's") Motion to

Transfer Venue. In accordance with the requirements of Pa. R.A.P. 1925, the Court submits the

following Opinion. For the reasons set forth herein, this Court's decision should be affirmed.

### I.     PROCEDURAL HISTORY

Plaintiff filed this appeal in response to the Trial Court's denial of Plaintiff's Motion for

Reconsideration. On November 11, 2015, Plaintiff filed a Statement or Errors Complained of on

Appeal ("Statement of Errors"). Plaintiff, in her Statement of Errors, complain of the following:

> *1. The Court's action was taken without basis in either Statute or*
>
> *Case Law, as there was no evidence introduced with respect to*
>
> *any potential witness (who would be capable of testifying to*
>
> *pertinent matters), which would justify the Court's decision to*
>
> *grant Defendant's request for transfer of the case to another*

Coulter Vs Coulter-OPFLD

1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  F. BROWN-CLARK  02/08/2016



14080129800088

*county. And, Plaintiff's submission of evidence of the likely "release" of her primary witness by the Butler Court, was obviously not considered by the Court (and admitted by the Court).*

2. *The Court's obvious bias toward Defendant (and in general with respect to granting transfer of cases) is evident as the Court has admitted only considering the submissions by Defendant and ignoring the timely submissions by Pro Se Plaintiff.*

3. *Error of Law and Abuse of Discretion as well as bias is further evidence by the Court's utilization of clearly perjured statements submitted by Defendant—as the submissions by Defendant all contained patently obvious "deviation" from the "undisputed circumstances/facts" of the case. Additionally, these facts were clearly pointed out to the Court in both of the submissions by Pro Se Plaintiff with respect to this issue.*

*See* Statement of Errors.

## II.     FACTUAL BACKGROUND

Plaintiff and Defendant are sister and brother. Plaintiff's Fifth-Amended Complaint asserts three counts, including: (1) Breach of Contract with respect to the sale of Defendant's share of the parties' deceased mother's former property; (2) Fraud arising out of Defendant's handling as executor of their mother's Will; and (3) Damages for miscellaneous property costs (maintenance, utilities, insurance, taxes, etc.), burglary and theft at the parties' deceased

2

mother's property. *See* Fifth-Amended Complaint. The parties' deceased mother's property is located in and all counts alleged in the Fifth-Amended Complaint arise out of Butler County, Pennsylvania.

Plaintiff currently resides in New Jersey, but holds a P.O. Box in Philadelphia. Plaintiff resided in Philadelphia for the times pertinent to the claims made in her complaint, with exception of the most recent burglaries and/or thefts in April 2015, when she had already moved to New Jersey. Defendant is a resident of Butler County.

Defendant filed a Motion to Transfer Venue, asserting that Butler County would be a more efficient venue, and that Philadelphia is oppressive to Defendant and his witnesses. Defendant argued that this action could have been originally brought in Butler County, as the Defendant resides in the county and all alleged causes of action arose in Butler County. Defendant asserted that all seven of his witnesses reside and work in Butler County. Defendant provided affidavits completed by all witnesses, with exception of Defendant's wife. All affidavits state that each witness resides and works in Butler County. Defendant asserts that the time and expense of bringing the witnesses to court for trial in Philadelphia would be substantially inconvenient. The Butler County Court of Common Pleas is 326 miles from the Philadelphia Court of Common Pleas.

Plaintiff, in her Motion for Reconsideration, asserted that she would be prejudiced if the case is transferred to Butler County because she would receive notice of motions only one day prior to the motion being heard. *See* Plaintiff's Motion for Reconsideration, ¶2. Plaintiff argues that, knowing this fact, Defendant would file vexatious filings with the Butler Court to oppress Plaintiff, further asserting that the Butler Court system does not have internet dockets (the lack of which would prevent Plaintiff from receiving Motions immediately, as opposed to waiting for

3

the mailing). Plaintiff also argues that "every proposed witness on the Defendant's list (with the exception of Defendant himself and Defendant's wife) would be found to be ineligible to testify, as their testimony is clearly <u>not</u> the result of Witness's first-hand observations of facts and events, and thus 'hearsay'". Plaintiff's Motion for Reconsideration, ¶1.

Based on the review of *all* filings by both parties, the Trial Court appropriately granted Defendant's Motion to Transfer Venue to Butler County and denied Plaintiff's Motion for Reconsideration.

## DISCUSSION

The Appellate Court may only reverse a trial court order to transfer venue if abuse of discretion exists. *Cheeseman v. Lethal Examinator, Inc.* 549 Pa. 200, 208, 701 A.2d 156, 159 (1997); Pa.R.C.P. 1006(d)(1).

A. <u>The Trial Court's Order to deny Plaintiff's Motion for Reconsideration was taken with basis and reference to applicable statutes and case law.</u>

Plaintiff complains that the Trial Court failed to consider applicable statute and case law when rendering its decision to deny her Motion for Reconsideration as to transferring venue from Philadelphia County to Butler County. This statement of error is without merit.

In order to grant a defendant's motion to transfer venue, he must show oppressiveness and vexation. *Id.* at 209, 701 A.2d at 160. In order to prove such, the defendant must offer evidence on the record that plaintiff's choice of venue was meant to harass the defendant, or show that the chosen venue would be oppressive to the defendant. *Id.* at 213, 701 A.2d at 162. For example, the defendant may provide evidence that transferring venue would provide easier access to witnesses and other evidence. *Id.*

For a case to transfer to a specific venue as demanded by the defendant, the venue must have been one where the action could have originally been brought. Pa.R.C.P. 1006(d)(1). An

4

action may be brought in any county (a) where the defendant may be served, (b) where the cause of actions arose, (c) where a transaction or occurrence took place which gave rise to the cause of action, or (d) in any county authorized by law. Pa.R.C.P. 1006(a)(1). Alternatively, the transferred venue can be the location where the property which is the subject matter of the cause of action is located. Pa.R.C.P. 1006(a)(2).

In the immediate matter, Defendant has properly addressed the vexatiousness of granting venue in Philadelphia County. The traveling for Defendant and his witnesses would be over 300 miles. Defendant appropriately attached affidavits for all proposed witnesses (with exception of his wife), all stating they reside and work within Butler County. Although Plaintiff argues in her Statements of Error that these witnesses are not capable of testifying to pertinent matters, many of them could testify to Plaintiff's claims as to damages for costs associated with upkeep of her mother's home (Donald Harkus Roof repair; Adam Lyon Gutter repair; J. Kevin Basham Electrical Repair; and Corey Macefe Landscaping). As to Plaintiff's claim as to burglary and theft committed at the property, Defendant has listed Butler Chief of Police Ronald Brown to testify. Defendant has listed witnesses that may testify as to various relevant issues. Therefore, based on Defendant's representations, requiring Defendant and all of his witnesses to travel over 300 miles would be oppressive.

Next, Pa. C.R.P. 1006(d)(1) requires the Trial Court to determine whether Butler County is an appropriate venue for transfer. Butler County is an appropriate venue for transfer because Defendant resides and works in Butler County, and therefore, could be served in Butler County. Furthermore, all causes of action argued by Plaintiff in her Fifth-Amended Complaint arose out of Butler County. Plaintiff did argue that the transaction relating to the breach of contract claim did arise from Philadelphia, although no transaction actually occurred. The offer and check was

5

made and sent from Philadelphia by Plaintiff, although Defendant never accepted the offer. Such an argument does not give rise to a requirement that the case must stay in Philadelphia. The Trial Court found it extremely probative that many claims of action arose in Butler County and also relate to the location where the parties' deceased mother's property is situated in Butler County. The fact that Plaintiff lived in Philadelphia for a period of time when these actions arose does weigh in her favor; however, the Trial Court found the evidence presented by Defendant to be more probative and oppressive. Therefore, the Trial Court did not abuse its discretion by denying Plaintiff's Motion for Reconsideration, and the Appellate Court should affirm its Order.

B. The Trial Court appropriately reviewed all filings associated with Defendant's Motion to Transfer Venue.

Plaintiff unintelligibly argues that the Trial Court failed to review or consider any and all filings by Plaintiff with regards to her responses to Defendant's Motion to Transfer Venue. Plaintiff's statement of error is without merit.

Plaintiff incorrectly believes that because the Order filed by the Trial Court states "upon consideration of Defendant's Motion to Transfer" and does not mention that the Trial Court considered Plaintiff's responses thereto, that Trial Court failed to read or consider Plaintiff's responses. Plaintiff is mistaken in her charge against the Trial Court. As the Trial Court does with *every* motion, objection, and trial, the Trial Court considered both Plaintiff's and Defendant's filings related to the Defendant's Motion to Transfer Venue and Plaintiff's Motion for Reconsideration prior to rendering a decision. The Trial Court understands and appreciates Plaintiff's emotional devotion to the matters associated with this case; however, her assertion that the Trial Court is biased toward Defendant or any defendant praying to transfer venue is misguided. Therefore, the Appellate Court should find that no abuse of discretion by the Trial

6

Court occurred, and affirm the Trial Court's Order denying Plaintiff's Motion for Reconsideration.

    C. <u>No error of law or abuse of discretion was committed by the Trial Court when appropriately relying upon Defendant's statements.</u>

Plaintiff asserts that the Trial Court committed an error of law and abuse of discretion by relying upon perjured statements filed by Defendant. This statement of error is without merit.

In her Motion for Reconsideration, Plaintiff asserts that every proposed witness's affidavit "contained clearly perjured statements of 'oppressive' venue." Plaintiff offers no actual evidence that such affidavits are perjured. If no actual evidence of perjury is offered, then the weight of the testimony is a credibility question for the jury at trial. Therefore, the Court did not commit error of law or abuse of discretion when appropriately relying upon Defendant's averments, witness affidavits, and Plaintiff's responses, and the Court's Order to deny Plaintiff's Motion for Reconsideration should be affirmed.

## CONCLUSION

For all of the foregoing reasons, the Court's Order to deny Plaintiff's Motion for Reconsideration related to the granting of Defendant's Motion to Transfer Venue should be affirmed.

BY THE COURT:

Date: February 3, 2016

Lisette Shirdan-Harris, J.

7